UNITED STATES DISTRICT HONORABLE COURT
DISTRICT OF MASSACHUSETTS

```
*************************************)
UNDERWRITERS INSURANCE CO.,          )
                Plaintiff            )
                                     )
v.                                   )
                                     )
MICHAEL PETERS YACHT DESIGN,         )
& BLACK THUNDER POWERBOATS,          )
a/k/a BLACK THUNDER, INC.            )
                Defendants           )
**********************************   )
```

CIVIL ACTION NO.:

04 11392 DPW

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## PLAINTIFF'S COMPLAINT

NOW COMES the plaintiff, Underwriters Insurance Co., in the above captioned matter,

by and through its undersigned attorneys, Holbrook & Murphy, and files its Complaint against the

defendants, Michael Peters Yacht Design and Black Thunder Powerboats, a/k/a Black Thunder,

Inc., as follows:

## GENERAL ALLEGATIONS

1.    Jurisdiction is founded on diversity of citizenship between the parties pursuant to 28

U.S.C. § 1332.

2.    Plaintiff, Underwriters Insurance Co. (hereinafter "Underwriters"), is an insurance

company doing business in the Commonwealth of Massachusetts, and is subrogated to all of the

rights of its insured, by virtue of having paid a claim made by its insured, Mark Longshore, for the

loss of $368,913 dollars in damage to the M/V KATALYST.

3.    Defendants, Michael Peters Yacht Design (hereinafter "Michael Peters") and Black Thunder Powerboats a/k/a Black Thunder, Inc.(hereinafter "Black Thunder"), were and are businesses and at all relevant times were engaged in the business of creating and manufacturing powerboats and do business in this jurisdiction.

4.    On October 25, 2000, the plaintiff's insured, Mark Longshore, purchased a vessel for his personal use, which was manufactured, designed, sold, and/or distributed by Michael Peters and Black Thunder.

5.    On and prior to July 5, 2001, the plaintiff's insured, Mark Longshore, used the M/V KATALYST for its intended purpose.

6.    On July 5, 2001, while the plaintiff's insured, Mark Longshore, was aboard the M/V KATALYST, the design of the vessel failed in the vessel's normal operation, resulting in *inter alia*, the vessel to jerk, eject the passengers and sink immediately on Lake Winnipesaukee in New Hampshire causing severe damage to the vessel.

7.    On and prior to October 25, 2000, when the vessel was purchased, the said Michael Peters and Black Thunder had a duty to design, manufacture, sell and distribute the M/V KATALYST, which should not have been defective and which should have been reasonably safe for the purpose for which it should have been designed, manufactured, sold and distributed and should have warned and/or instructed the plaintiff's insured regarding the use of the vessel.

8.    On and prior to July 5, 2001, the said design of the vessel M/V KATALYST was defective and not reasonably safe for the purpose for which it was intended.

9.    As a direct and proximate result of the defective and not reasonably safe condition of the stepped hull design of the vessel, the M/V KATALYST suffered severe damage in a casualty.  As

a result of the loss, Underwriters was required to pay damages for its repairs all of which totaled in excess of $368,913.

## COUNT I
### *Negligence*

10.    Plaintiff, Underwriters, repeats and realleges Paragraphs One (1) through Nine (9) of the General Allegations of its Complaint as if set forth fully herein.

11.    On or before October 25, 2000, when the vessel was purchased, the defendants, Michael Peters and Black Thunder were guilty of one or more of the following acts or omissions:

     (a)    Carelessly and negligently designed and constructed the stepped hull design of the vessel at issue on the M/V KATALYST.

     (b)    Carelessly and negligently failed to warn the plaintiff's insured, Mark Longshore, of the defect in the stepped hull design of the vessel with regard to the use of the vessel.

     (c)    Carelessly and negligently allowed for the selling, distribution and use of the said stepped hull design of the vessel, which it knew or should have known was improperly designed so that it was prone to malfunction in the navigation of the vessel.

     (d)    Were otherwise negligent and careless as will be shown at trial.

12.    As a direct and proximate result of one or more of its negligent acts or omissions, the M/V KATALYST suffered severe damage after a casualty. Underwriters paid its insured, Mark Longshore, for that loss pursuant the policy of insurance issued to him and has incurred substantial additional expenses. Said loss and expenses were in excess of $368,913.

WHEREFORE, plaintiff prays this Honorable Court grant it judgment against defendants, Michael Peters and Black Thunder, jointly and severally, on Count I of its Complaint, for a sum in excess of $368,913 plus prejudgment interest, costs and other such relief this Court shall deem proper.

**COUNT II**
*Implied Warranty of Fitness for a Particular Purpose*

13.    Plaintiff, Underwriters, repeats and realleges Paragraphs One (1) through Nine (9) of the General Allegations of its Complaint as if set forth fully herein.

14.    On and prior to October 25, 2000, when the vessel was purchased, the defendants impliedly warranted to the plaintiff's insured, Mark Longshore, that the vessel and stepped hull design of the vessel was fit for the purposes for which it was intended.

15.    On and prior to July 5, 2001, the plaintiff's insured, Mark Longshore, relied upon said implied warranty of fitness for a particular purpose.

16.    As a direct and proximate result of the breach of said implied warranty, the M/V KATALYST suffered severe damage after a casualty, and Underwriters was obligated to pay its insured, Mark Longshore, for said loss pursuant to the policy of the insurance issued to Mark Longshore. As a subrogee, Underwriters, has incurred a substantial loss in excess of $368,913.

WHEREFORE, plaintiff prays this Honorable Court grant it judgment against defendants, Michael Peters and Black Thunder, jointly and severally, on Count II of its Complaint, for a sum in excess of $368,913 plus prejudgment interest, costs and such other relief as the Court shall deem proper.

## COUNT III
### *Implied Warranty of Merchantability*

17.    Plaintiff, Underwriters, repeats and realleges Paragraphs One (1) through Nine (9) of the General Allegations of its Complaint as if set forth fully herein.

18.    On or before October 25, 2000, when the vessel containing said stepped hull design was purchased, the defendants, Michael Peters and Black Thunder, impliedly warranted to the plaintiff's insured, Mark Longshore, that the vessel and the stepped hull design of the vessel was merchantable.

19.    On and prior to July 5, 2001, Mark Longshore relied upon said implied warranty of merchantability.

20.    As a direct and proximate result of the breach of said implied warranty of merchantability, the M/V KATALYST suffered severe damage after a casualty, and Underwriters was obligated to pay its insured, $368,913, for said loss pursuant to the policy of insurance issued to him. As subrogee of Mark Longshore, Underwriters has incurred a substantial loss in excess of $368,913.

WHEREFORE, plaintiff prays this Honorable Court grant it judgment against defendants, Michael Peters and Black Thunder, jointly and severally, on Count III of its Complaint, in a sum in excess of $368,913 plus prejudgment interest, costs, and such other relief this Court shall deem proper.

## COUNT IV
### *Strict Liability*

21.    Plaintiff, Underwriters, repeats and realleges Paragraphs One (1) through Nine (9) of the General Allegations of its Complaint as if set forth fully herein.

22.    On or before October 25, 2000, the defendants, Michael Peters and Black Thunder were responsible for the manufacturing, design, sale and/or distribution of the vessel and the stepped hull design of the vessel.

23.    On and prior to July 5, 2001, the said stepped hull design of the vessel on the M/V KATALYST was defective and/or dangerous in normal or expected use.

24.    As a direct and proximate result of the defective stepped hull design of the vessel manufactured and distributed by the defendants and their failure to warn/instruct regarding same, the M/V KATALYST suffered severe damage after a casualty, and Underwriters was obligated to pay its insured, $368,913, for said loss pursuant to the policy of insurance issued to him. As subrogee of Mark Longshore, Underwriters has incurred a substantial loss in excess of $368,913.

WHEREFORE, plaintiff prays this Honorable Court grant it judgment against defendants, Michael Peters and Black Thunder, on Count IV of its Complaint in a sum in excess of $368,913 plus prejudgment interest, costs, and such other relief this Honorable Court shall deem proper.

## PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

UNDERWRITERS INSURANCE CO.
By its attorneys,

Seth S. Holbrook, BBO No.: 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA  02110
617.428.1151

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY). *Underwriters Insurance Co. v. Michael Peters Yacht Design et al*

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    —    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    —    II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    X    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    —    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    —    V.    150, 152, 153.

    **04  11392 DPW**

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).  n/a

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?  No

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  No
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)  n/a

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?  No

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).  YES_____  OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES_____

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES_____  (a)  IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?  n/a

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Seth S. Holbrook
ADDRESS  Holbrook & Murphy, 150 Federal St, Boston, MA 02110
TELEPHONE NO.  617-428-1151

(Category.frm - 09/92)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Underwriters Insurance Co.

## DEFENDANTS

Michael Peters Yacht Design and Black Thunder Powerboats a/k/a Black Thunder, Inc.

*(handwritten stamp: filed in clerk's office, MASS JUNE 18 1:11, DISTRICT OF MASS.)*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   n/a
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   n/a
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Seth S. Holbrook
Holbrook + Murphy
150 Federal St.
Boston, MA 02110   617-428-1151

ATTORNEYS (IF KNOWN)

unknown

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury—Med Malpractice
- ☐ 365 Personal Injury—Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☒ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ $368,913

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

n/a

JUDGE _____  DOCKET NUMBER _____

DATE  6/18/04

SIGNATURE OF ATTORNEY OF RECORD  Seth S. Holbrook

UNITED STATES DISTRICT COURT